Bergan, J.
(dissenting). Since the reversal of defendant’s conviction for assault in the second degree by the Appellate Division was on the law, the factual determination of the court at Trial Term that the testimony of defendant’s wife against him did not breach the marital privilege must be accepted unless it is demonstrated that the court’s admission of the testimony was wrong as a matter of law (People v. Dudley, 24 N Y 2d 410).
In its legal frame, this case is a far weaker one for exclusion based on the marital privilege than Dudley which was decided less than four years ago. There the husband and wife were living together in long-continued and regular marital relations when the husband killed another person in the wife’s presence.
Nevertheless the wife was allowed to testify to incriminating acts and statements by the husband after the victim’s death. The Appellate Division majority was of opinion that threats by the husband, after the event, to kill the wife if she disclosed his crime took the case out of the area of privilege (29 A D 2d 232, at pp. 233-234).
The dissent in that court developed the long-continuing marital relationship existing before and at the time of the crime, although noting the wife’s claim of diminishing affections (29 A D 2d, at pp. 236-237).
This court held a.s justified by the record, and decisive, the affirmed finding that the acts and statements were not “ induced by” defendant’s “absolute confidence in” the marital relationship under People v. Melski, 10 N Y 2d 78, 80); and so affirmed the conviction (People v. Dudley, 24 N Y 2d, at p. 414).
Here defendant and his wife had been separated for six months. After the crime defendant called the wife, made admissions of his guilt, and asked if he could come to her house “ and stay for a little while ” and -she permitted this.
When he got there he showed her a gun and asked her if she knew why he was there. She answered: “To kill me.” Defend *715 ant.said: ‘ ‘ Yes, because I always told you if I ever went back to jail again I wasn’t going to leave you out here.”
He pointed a gun at her and threatened to kill her. When he went to sleep the wife immediately went for the police.
If the rule in Dudley (24 N Y 2d 410, supra) is still viable this is not a confidential communication as a matter of law, the factual determination at Trial Term standing unreversed.
Nothing depending on marital trust or confidence is shown in these communications. The wife was not only threatened but she was reminded that if a successful prosecution resulted she would be killed. She must be deemed to have admitted him to the house with these threats in mind — that she knew “ why ” he was there.
Moreover the whole event was not part of a marital relationship which had been turned off by a six-month separation; but part of a protective device created by the husband and based on threats. It has none of the essential characteristics of “ confidential communication ’ ’ as that term appears in CPLR 4502 (subd. [b]) or as it has been consistently construed by this court (People v. Melski, 10 N Y 2d 78, supra; Poppe v. Poppe, 3 N Y 2d 312; People v. Daghita, 299 N. Y. 194).
It distorts the theory of “ reliance upon the free and unrestrained privacy of the marital relation and the socially desirable confidence which exists, and should exist, between husband and wife ” (People v. Daghita, 299 N. Y., at p. 199) to apply the rule of exclusion for the husband’s benefit in this case.
The order of the Appellate Division should be modified by reversing so much thereof as reversed the judgment of conviction for assault in the second degree and such judgment should be reinstated; and, as thus modified, affirmed.
Order affirmed, etc.